[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 07-12660

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 27, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-10009-CR-SH

UNITED STATES OF AMERICA,

Plaintiff-Appellee
Cross-Appellant,

versus

JAMES HENDRICK,

Defendant-Appellant
Cross-Appellee.

_____

Appeals from the United States District Court
for the Southern District of Florida

_____

(April 27, 2009)

Before BIRCH, DUBINA and WILSON, Circuit Judges.

PER CURIAM:

James Hendrick was convicted of conspiracy, 18 U.S.C. § 371; obstructing

justice, 18 U.S.C. § 1503(a); and witness tampering, 18 U.S.C. § 1512(b)(1)). Instead of sentencing Hendrick to prison within the applicable guidelines range, the district court imposed a sentence of five years' probation; directed Hendrick to pay a $50,000 fine; prohibited him from participating in any business related to government contracting or lobbying; and ordered him to perform 2,500 hours of community service at a rate of 500 hours per year.

Hendrick appeals his convictions, challenging the sufficiency of the evidence and some of the court's evidentiary rulings. The government cross-appeals Hendrick's sentence, arguing that the sentence is both procedurally and substantively unreasonable. We address each appeal in turn.

## I. CONVICTIONS

Hendrick argues that the government did not present sufficient evidence at trial to prove that he conspired with Jack London to obstruct justice or to tamper with a witness. In a related argument, he contends that the government failed to meet its burden of proof as to these charges. He further argues that the district court abused its discretion by admitting into evidence: (1) the lay opinion testimony of Randall Hilliard, who received immunity from prosecution; (2) the surprise expert testimony of former IRS Agent Dennis Donnell; and (3) the hearsay testimony of Elaine London, Jack London's widow.

2

After carefully reviewing the record, studying the parties' briefs, and having the benefit of oral argument, we conclude that the government presented sufficient evidence to support Hendrick's convictions. We further conclude that the district court did not abuse its discretion by admitting the testimony of Hilliard, Donnell, or Elaine London. Thus, we affirm all of Hendrick's convictions.

## II. SENTENCE

The government cross-appeals Hendrick's below-guidelines sentence. After carefully reviewing the record and considering the arguments that the parties briefed and orally argued, we agree with the government that the sentence is both procedurally and substantively unreasonable. We accordingly vacate it and remand for resentencing.

## III. CONCLUSION

We **AFFIRM** all of Hendrick's convictions. We **VACATE** his sentence and **REMAND** for resentencing.